UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Case No. 09-20582-1
                                            Honorable Patrick J. Duggan

DAMON RICHARD,

      Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING**

This matter presently is before the Court on Defendant Damon Richard's motion for resentencing, filed November 3, 2011. The motion has been fully briefed.

On December 13, 2010, Defendant pleaded guilty to three counts: (1) conspiracy to possess with intent to distribute and to distribute controlled substances: cocaine base (crack), heroin, and marijuana; (2) possession with intent to distribute marijuana; and (3) possession of a firearm in furtherance of a drug trafficking offense. On October 26, 2011, this Court sentenced Defendant to imprisonment for a term of 240 months on Count 1, a concurrent term of 60 months on Count 2, and a consecutive term of 60 months on Count 3. The Court based Defendant's sentence on its determination that he should be held accountable for 7 kilograms of cocaine base. In his pending motion, Defendant contends that he is entitled to resentencing because his counsel failed to object to the use of statements Defendant made at a *Kastigar* hearing to determine the quantity of drugs for which he should be held responsible.

A district court is authorized to modify a defendant's sentence only in those instances where Congress by statute has granted it jurisdiction to do so. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in the limited circumstances set forth in the statute. *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (citing *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582)). Those limited circumstances are as follows: (1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); (2) where modification is permitted under Federal Rule of Criminal Procedure 35, *see* 18 U.S.C. § 3582(c)(1)(B); (3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2); or (4) "to the extent otherwise expressly permitted by statute," *see* 18 U.S.C. § 3582(c)(1)(B).

The Bureau of Prisons has not requested a modification of Defendant's sentence, the guideline range has not been lowered, Defendant fails to cite any statute otherwise permitting a modification of his sentence, and modification is not permitted under Federal Rule of Criminal Procedure 35.

Under Rule 35, the court may correct a sentence under limited circumstances: (a) within fourteen days after sentencing to correct an arithmetical, technical, or other clear

error; or (b) upon the Government's motion based on the defendant's substantial assistance post-sentencing. A district court's authority to correct a sentence under Rule 35(a) for "clear error" is quite narrow. *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008). "It is limited to cases in which the error recognized by the district judge is 'an obvious error or mistake that would have resulted in a remand by th[e court of appeals].'" *United States v. Corum*, 354 F. App'x 957, 961 (6th Cir. 2009) (quoting *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (citing *United States v. Galvan-Perez*, 291 F.3d 401, 407 (6th Cir.2002)). No error, much less any clear error, occurred at Defendant's sentencing.

Defendant made three statements to the federal government concerning his involvement in the crimes to which he pleaded guilty. While two of those statements were made pursuant to a Kastigar Letter, one statement was not and the information on which this Court relied to find Defendant responsible for 7 kilograms of cocaine base was included in that statement. Specifically, at the time of his arrest and after he received Miranda warnings, Defendant indicated that he sold about "two eight balls" each of crack cocaine and heroin per week and about one-half pound of marijuana every day or two. There was no basis for defense counsel to object to the introduction of this information at Defendant's sentence.

For these reasons, even if the Court were inclined to re-sentence Defendant, it concludes that it lacks jurisdiction to do so.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for resentencing is **DENIED**.

Date:   January 6, 2012

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
David S. Steingold, Esq.
Regina R. McCullough, Esq.